STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-09-050
RAC - (illegible)

Gabriel B. Williams,

                    Appellant,

           v.                                           **ORDER**

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 23 2010

**RECEIVED**

Maine Unemployment Insurance
Commission,

                    Respondent

This matter comes before the court on Petitioner, Gabriel B. Williams'
appeal of final agency action pursuant to 26 M.R.S. § 1194(8), 5 M.R.S. §§ 11001-
11008, and M.R. Civ. P. 80C. Mr. Williams has appealed a decision by the Maine
Unemployment Insurance Commission denying his appeal of a denial of benefits
and his motion to reconsider that dismissal.

FACTUAL BACKGROUND

Petitioner worked as a food assembler at a plant in Portland for three
days, from January 6 through January 8, 2009. Petitioner did not call in or show
up for his scheduled work shift on January 9, 2009. The employment agency that
employed him had no further word from Petitioner after that date. Petitioner
applied for and was denied unemployment benefits in a decision dated May 19,
2009 (the "deputy decision"). The deputy decision found that Petitioner had left
work voluntarily without good cause for leaving. At the bottom of the deputy
decision, it stated: "This decision becomes final unless appealed on or before
06/03/09. An additional 15 days to appeal may be allowed for good cause."

1

Petitioner appealed that decision to the Division of Administrative Hearings. The appeal notice is date-stamped as received by the Division of Administrative Hearings on June 11, 2009.

The Division of Administrative Hearings sent a notice of hearing to Petitioner on June 22, 2009, setting a hearing for July 20, 2009.[1] The notice listed a telephone number for Petitioner. On July 15, 2009, Petitioner called the Division of Administrative Hearings and left a new telephone number for where he could be reached.

On July 20, 2009, the hearing officer called the number provided by Petitioner. A man answered the phone and explained that Petitioner had called him to explain that he was in the Cumberland County Jail and was hoping that the hearing officer could reschedule the hearing. The representative of the employer was on the phone and ready to participate. The hearing officer dismissed Petitioner's appeal on the record because of his failure to appear. The hearing officer issued a written decision to that effect.

The Petitioner appealed the decision on July 24, 2009, explaining that he had been arrested on the date of the hearing and thus was unable to appear. The Division of Administrative Hearings issued a notice of hearing on August 3, 2009, setting a hearing for September 1, 2009. On the date and time listed in the notice, the hearing officer placed a call to the claimant's number. The man who answered the phone explained that Petitioner was not there at that time. This person explained that Petitioner had told him that his hearing was on Wednesday, which was two days later. The hearing officer contacted the

---

[1] Although Petitioner's appeal was not filed within the deadline, under 26 M.R.S. § 1194(2), "the period within which an appeal may be filed *may* be extended, for a period not to exceed an additional 15 calendar days, for good cause shown." *Id*. (emphasis added).

2

employer, who was ready to participate in the hearing and then dismissed the appeal on the record because Petitioner failed to appear. The hearing officer issued a decision to that effect on September 3, 2009.

On September 17, 2009, Petitioner filed an appeal with the Commission. In a decision dated October 15, 2009, the Commission affirmed and adopted the decision of the Administrative Hearing Officer, dismissing the appeal. This decision was mailed to a post office box that was incorrect. On November 3, 2009, Petitioner called to request a copy of the decision, which was reissued on November 5, 2009. On November 6, 2009, the claimant submitted a request for reconsideration. In a decision dated December 24, 2009, the Commission denied Petitioner's request for reconsideration on the grounds that it had been untimely filed. Thereafter, Petitioner filed this appeal.

In connection with Petitioner's appeal to this court, and consistent with the provisions of M.R. Civ. P. 80C, an oral argument was scheduled for June 2, 2010. Notice of the oral argument was sent to Petitioner on May 6, 2010. Additionally, according to the clerk Petitioner came to the clerk's office approximately two weeks before the scheduled hearing, confirmed that his mailing address is the same address to which the notice was sent, and was given an additional copy of the notice. Petitioner failed to appear at the oral argument.

## DECISION

In light of the fact that Petitioner, as the appellant, bears the burden of proof in this case, and of the fact that Petitioner has failed to identify any point of error, include any legal argument in his brief to support his appeal, or appear for the oral argument in this court, the court denies Petitioner's appeal and affirms the decision of the Commission. *See Beauchene v. Dep't of Health & Human Servs.,*

3

2009 ME 24, ¶ 11, 965 A.2d 866, 870; and *Seider v. Bd. of Exam'rs of Psychologists*,

2000 ME 206, ¶ 8, 762 A.2d 551, 555. *See also* M.R. Civ. P. 80C(h) (explaining that the

failure to file a brief in support of an appeal may result in dismissal for want of

prosecution).[2]

## The entry is:

The Decision of the Commission is hereby Affirmed.

DATE: June 23, 2010

_____
Roland A. Cole
Justice, Superior Court

---

[2] Although Petitioner did file a two-page handwritten brief in this case, his brief fails to articulate any point of error or make any legal argument upon which this court might invalidate the decision of the Commission. He does not, for example, identify reasons constituting "good cause" for missing the original deadline to appeal or for missing the hearings scheduled by the hearing officer. He similarly does not argue that the decision on the merits to deny him benefits was erroneous. Instead, Petitioner explains that he needs unemployment benefits to support himself and his family. While the court is certainly sympathetic to financial hardship, in order to satisfy his burden of proof and the requirement that he file a brief in support of his appeal, he was obliged to offer some legal basis for appellate review.

Date Filed __12-30-09__  __CUMBERLAND__  Docket No. __AP-09-50__

County

Action _____80C Appeal_____

⬤

GABRIEL WILLIAMS                              STATE OF MAINE UNEMPLOYMENT INSURANCE
16 HEMLOCK STREET                            COMMISSION
PORTLAND, ME 04102

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| | ELIZABETH WYMAN AAG |

| Date of Entry | |
|---|---|
| **2009**<br>Dec. 31 | Received December 30, 2009.<br>80C Appeal filed with attachments. |
| **2010**<br>Jan. 12 | Received 1-11-10.<br>Letter from Elizabeth Wyman AAG entering her appearance on behalf of State of Me Un. Ins. Comm. and stating her position is that the court should affirm Commission's decision  filed. |
| Feb. 22 | Received 2-19-10.<br>Record filed. |
| " " | On 2-22-10.<br>Briefing schedule mailed.  Petitioner's brief due 3-31-10 |
| Mar. 15 | Received 3-8-10.<br>Petitioner's brief filed. |
| Apr. 9 | Received 4-9-10.<br>Responsent's brief filed. |
| June 2 | On 6-2-10.<br>Hearing held on 80C appeal.<br>Court takes matter under advisement.  No recording.<br>Cole J. Presiding.<br>Elizabeth Wyman AAG present for respondent.  No appearance of Gabriel Williams |
| June 23 | Received 6-23-10.<br>Order filed. (Cole, J.)<br>Judgment affirmed.<br>6-23-10 copy mailed to Gabriel Williams and to Elizabeth Wyman AAG |